UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY JAY BREDBERG, | CASE NO. C20-190 MJP |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| RANDY MIDDAUGH, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Kerrie McArthur's and Suzanne Vieira's Motion to Dismiss (Dkt. No. 41), Defendant Ryan Crater's Motion to Dismiss (Dkt. No. 49), Defendant Daniel Krenz's Motion to Dismiss (Dkt. No. 56), Defendant Robbyn Meyers' Motion to Dismiss (Dkt. No. 58), Defendant Nick Bond's Motion to Dismiss (Dkt. No. 61), Defendant Chad Wallin's Motion to Dismiss (Dkt. No. 66), Defendants Sean Curran's, Randy Middaugh's, and Emily Swaim's Motion to Dismiss (Dkt. No. 78), and Defendants Bill Kidder's and Jason Walker's Motion to Dismiss (Dkt. No. 84). Having reviewed the Motions, the Responses (Dkt. Nos. 70, 101), the Replies (Dkt. Nos. 67, 76, 85, 86, 89, 103, 104), and having

reviewed the relevant record, the Court GRANTS the motions and DISMISSES this action with prejudice as to Defendants Daniel Krenz and Kathryn Heard and without prejudice as to all other Defendants.

**Background**

Plaintiff, who was a certified professional soil scientist, certified professional soil classifier, and professional wetlands scientist, alleges that the Defendants, 27 employees of state, local, county, federal government agencies, or nonprofit or private organizations formed the "Enterprise" and worked together to discredit Plaintiff and interfere with his business and earning capacity. (Dkt. No. 1 ("Compl.").) Most of Plaintiff's alleged interactions with Defendants follow a similar pattern: Plaintiff, hired by a property owner or developer to perform wetland delineations would find no wetland or a very limited wetland; one of the Defendants would then be hired to conduct a peer review, or would evaluate Plaintiff's work as part of the permitting process, and would find that the property at issue included wetland. (See, e.g., id. ¶ 20 (alleging that "[m]embers of the Enterprise make determinations of large wetlands where there are either no wetlands or small wetlands").)

Plaintiff now brings claims against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§§ (b), (c), (d) and Washington's Criminal Profiteering Act of 1985, RCW 9A.82.010, RCW 9A.82.120. He alleges generally that Enterprise members disparaged him, telling his clients that his "reviews and delineations are 'always incorrect, and always rejected" and would "treat the Plaintiff's clients differently, performing an 'extra' level of review on those individuals, ref[using] to follow the proper manuals, and sending those individuals false information via email." (Id. ¶¶ 49, 71.) Further,

1  Plaintiff alleges that "Enterprise Members collaborate to support the Enterprise through fraud,
2  perjury, coercion, threats, intimidation and other activities." (Id., ¶ 12.)

3  Defendants have now filed eight motions to dismiss, arguing that Plaintiff has failed to
4  allege basic elements of his RICO claims and that the United States has not waived its sovereign
5  immunity for RICO suits against federal employees. For the reasons discussed below the Court
6  GRANTS the pending Motions to Dismiss and *sua sponte* finds that because Plaintiff has
7  insufficiently pled his RICO claims against all Defendants, the Court must also DISMISS
8  Plaintiff's remaining Washington claim.

**Discussion**

**I.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court construes the complaint in the light most favorable to the non-movant. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); see also Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). The Court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Where, as here, a plaintiff appears pro se, the Court must construe his pleadings liberally and afford the plaintiff the benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

1       Further, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or

2 mistake, a party must state with particularity the circumstances constituting fraud or mistake."

3 "If the complaint alleges that several defendants participated in a fraudulent scheme, 'Rule 9(b)

4 does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs

5 to differentiate their allegations . . . and inform each defendant separately of the allegations

6 surrounding his alleged participation in the fraud.'" Capitol W. Appraisals, LLC v. Countrywide

7 Fin. Corp., 759 F. Supp. 2d 1267, 1271 (W.D. Wash. 2010), aff'd, 467 F. App'x 738 (9th Cir.

8 2012) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir.2007) (quotations

9 omitted)). In meeting the particularity requirement, averments of fraud "must be accompanied

10 by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (citing

11 Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). Courts have held that Rule 9(b) applies to

12 civil RICO claims. See Odom v. Microsoft Corp., 486 F.3d 541, 553–54 (9th Cir.2007); see also

13 Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989).

14       Even if a complaint is deficient, however, "'[d]ismissal without leave to amend is

15 improper unless it is clear, upon de novo review, that the complaint could not be saved by

16 amendment.'" Intri–Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.2007)

17 (quoting In re Daou Sys., 411 F.3d 1006, 1013 (9th Cir.2005)).

18     **II.**     **Subject Matter Jurisdiction**

19       Plaintiff brings claims under three sections of the RICO Act, 18 U.S.C.§§ (b), (c), (d). In

20 his first claim, Plaintiff contends that all defendants violated § 1962(b), which makes it unlawful

21 for a person through a pattern of racketeering activity to acquire or maintain an interest or control

22 of an enterprise engaged in interstate commerce. In his second claim, Plaintiff contends that all

23 defendants violated § 1962(c), which prohibits a person employed by or associated with any

24

1 enterprise engaged in interstate commerce from conducting or participating in the conduct of the

2 enterprise through a pattern of racketeering activity.  In his third claim, Plaintiff contends that all

3 Defendants conspired to violate sections 1962(b), and (c).

4       Defendants move to dismiss on a number of grounds, arguing that Plaintiff has failed to

5 allege basic elements of each of his RICO claims, including the existence of (1) predicate acts,

6 (2) proximate cause, and (3) an enterprise.  The Court agrees and finds that Plaintiff has failed to

7 make out a RICO claim against any of the moving Defendants.  Further, because Plaintiff has not

8 properly alleged a federal claim, the Court finds that it lacks subject-matter jurisdiction must

9 dismiss the Complaint.  Fed. R. Civ. P. 12(h)(3); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th

10 Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the

11 question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the

12 action."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal

13 claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state

14 claims should be dismissed as well.").

15       **A. Racketeering Activity**

16       To begin, Plaintiff has failed to adequately plead racketeering activity, a necessary

17 element in each of his RICO claims.  To make out a claim under RICO, plaintiffs must show that

18 [Defendants have] engaged in a "pattern of racketeering activity." Diaz v. Green Tree Servicing

19 LLC, No. C15-359RSL, 2016 WL 1384829, at *2 (W.D. Wash. Apr. 7, 2016); Durning v.

20 Citybank, Int'l, 990 F.2d 1133, 1138 (9th Cir. 1993); 18 U.S.C. § 1962.  "'[R]acketeering

21 activity' is any act indictable under several provisions of Title 18 of the United States Code, and

22 includes the predicate acts of mail fraud and wire fraud." Sanford v. MemberWorks, Inc., 625

23 F.3d 550, 557 (9th Cir. 2010) (quoting Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir.2004)).

24

Further, where predicate acts are based in fraud, they must be pleaded with particularity. Odom, 486 F.3d at 553-54; see also Fed. R. Civ. P. 9(b).

Plaintiff alleges that Defendants committed the predicate acts of mail and wire fraud; both predicate acts require the "use of the mails or wires with the specific intent to deceive or defraud." ITI Internet Services, Inc. v. Solana Capital Partners, Inc., 2006 WL 1789029 *8 (W.D. Wash. June 27, 2006); (Id. ¶¶ 165, 168.) "[T]he term 'defraud' in the mail fraud statute is given its established common law meaning." Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004) (citing Neder v. United States, 527 U.S. 1 (1999).) Under the common law, to establish a claim for fraud:

> [A] plaintiff must show by clear and convincing evidence that the defendant made a false representation of a material fact with knowledge of its falsity, for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his or her damage.

37 Am. Jur. 2d Fraud and Deceit § 24. See also Restatement (Second) of Torts § 525 (1977). Plaintiff has not established the essential elements of fraud under this common law definition.

First, Plaintiff has failed to allege that several of the Defendants made any misstatements at all. For example, he alleges that Defendant Chad Wallin refused a landowner's request to allow Plaintiff to be present during an onsite visit and criticized Plaintiff's report. (Id. ¶¶ 147-48.) And Defendant Ryan Crater is accused of finding a wetland, thereby contradicting Plaintiff's report. (Id. ¶ 145.) These allegations do not establish fraud in any way. Second, Plaintiff has failed to properly allege that many of the Defendants had knowledge of the "falsity" of their statements. While Plaintiff contends the Defendants falsified data, his allegations suggest professional disagreement, not fraud. For example, he alleges Defendant Diane Henessey ignored "a thin brown layer of soil clearly visible in the soil monolith" on a site visit and therefore reported "false field data." (Compl. ¶¶ 153-57, 159.) Defendant Nell Lund found

wetland soils on a site where Plaintiff believed there were no wetland soils; Plaintiff therefore accuses her of "falsifying data to show wetland soils." (Id. ¶ 14.) These allegations fall far below the standard under Federal Rule of Civil Procedure 9(b), which requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud. Fed.R.Civ.P. 9(b). Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) ("The Ninth Circuit has repeatedly insisted that this rule be followed in RICO actions alleging the predicate act of mail fraud.").

Third, even if Defendants made material misrepresentations and were aware of the falsity of those misrepresentations, Plaintiff has failed to establish that he justifiably relied on those statements, a required element for a claim based on fraud. He contends that various Defendants "knowingly falsified field data, refused to collect field data, misrepresented the facts in the field to landowners, engineers, planners, developers and/or realtors in order to retaliate against the Plaintiff," (Compl., ¶ 27) and criticized Plaintiff's reports (Id. ¶¶ 145, 147). The notion that Plaintiff justifiably relied on the Defendants' statements criticizing his reports and contradicting his work is not compatible with the premise of each of Plaintiff's allegations, which describe his enduring assessment that Defendants' statements were false.

Further, because defamation is not a predicate act under RICO, he has failed to state a claim against the many Defendants he solely accuses of disparaging him. See 18 U.S.C. § 1961(1); (Dkt. No. 58 (citing Marks v. City of Seattle, No. C03-1701P, 2003 WL 23024522, at *6 (W.D. Wash. Oct. 16, 2003)); See, e.g., Compl. ¶¶ 22-25 (alleging that Defendant Emily Swaim disparaged Plaintiff's report); (Id. ¶ 104 (alleging that Defendant Erik Stockdale wrote in an email "The fun continues with bozo," referring to the Plaintiff).)

//

### B. Proximate Cause

Plaintiff has also failed to establish that Defendants' alleged actions were the proximate cause of harm to Plaintiff. "With respect to causation, the plaintiff must show that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." Hemi Group, LLC v. City of N.Y., 559 U.S. 1 (2010). Here, Plaintiff has failed to allege that the actions of many of the Defendants caused harm at all, and where he has alleged harm, it is insufficient to satisfy the proximate cause element of his RICO claims. First, for most of the Defendants, Plaintiff has not even alleged that their actions caused him harm. For example, Defendant Erin Page is accused of refuting one of Plaintiff's reports, but Plaintiff alleges no ill effects from her actions. (Id. ¶ 158.) This is also true for Defendants Kerrie McArthur and Suzanne Viera, who are also accused of objecting to one of Plaintiff's reports without consequence. (Id. ¶¶ 163-65.) Further, as discussed supra, because defamation is not a predicate act under RICO, Plaintiff's allegations that Defendants caused him reputational damage do not establish harm in this RICO case.

Second, even where Plaintiff alleges Defendants' actions were harmful, his allegations do not establish that the Defendants caused his alleged harm, or that he was the victim of the harm. For example, Plaintiff accuses Defendant Lund of writing a report disputing Plaintiff's findings, which required Plaintiff to spend time and effort defending his work, but it was Plaintiff who then made the decision to only charge his client for one fourth of his time. (Id. ¶¶ 15, 18.) And Defendant Diane Hennessey is accused of submitting falsified field data, which Plaintiff alleges caused his client to suffer damages exceeding $1,000,000 when the County accepted Defendant Hennessey's data over Plaintiff's and cancelled his client's projects. (Id. ¶ 75.) Similarly, Plaintiff alleges that Defendant Middaugh "retaliated against the Plaintiff's clients for working

with Plaintiff." (Id. ¶¶ 27, 122.) These allegations do not demonstrate that Defendants proximately caused harm to the Plaintiff; instead they describe Plaintiff's decision not to bill for his time as well as alleged harms to his clients, who are not parties to this lawsuit.

### C. Failure to Allege an Enterprise

In addition to failing to allege predicate acts as to each individual Defendant or demonstrate causation between any of the alleged acts and harm to the Plaintiff, Plaintiff has failed to sufficiently allege the existence of an enterprise. "[A]n 'enterprise' is an entity or 'group of persons associated together for a common purpose of engaging in a course of conduct.'" Williams v. PRK Funding Servs., Inc., No. C18-48 RSM, 2018 WL 3328398, at *5 (W.D. Wash. July 6, 2018) (quoting U.S. v. Turkette, 452 U.S. 576, 583 (1981)). "Pleading an enterprise requires more than merely pleading a pattern of racketeering activity because '[t]he "enterprise" is not the "pattern of racketeering activity", it is an entity separate and apart from the pattern of activity in which it engages.'" Williams, 2018 WL 3328398, at *5 (quoting Turkette, 452 U.S. at 583) (emphasis added).

In this case, Plaintiff alleges that the Enterprise is made up of individuals who "choose to ignore the codified factual manuals" and who work together to harm him. (Id. ¶ 33.) But it is not clear from Plaintiff's generalized allegations how the Defendants "functioned together as a continuing unit." Doan v. Singh, 617 Fed. App'x 684, 686 (9th Cir. 2015). Indeed, the alleged racketeering activity is the only apparent connection between the Defendants, which is insufficient to establish an enterprise. Williams, 2018 WL 3328398, at *5. These "bare assertions of a pattern of racketeering activity do not establish an enterprise and they do not, therefore, satisfy Plaintiffs' burden." Doan, 617 Fed. App'x at 686.

//

**D. Sovereign Immunity**

Defendant Daniel Krenz, an employee of the U.S. Army Corps of Engineers, served in this case only in his official capacity, moves to dismiss because the United States has not waived sovereign immunity for RICO claims. (Dkt. No. 56.) Plaintiff alleges that Defendant Krenz and Defendant Kathryn Heard—another U.S. Army Corps employee who has not been served—made negative comments about Plaintiff's work, and "even questioned the Plaintiff's declaration of an area [deemed] to be wetland." (Compl. ¶ 89.) Because Plaintiff has failed to serve either Defendant Krenz or Defendant Heard in their individual capacities, and because the United States has not waived its sovereign immunity for suits against federal employees in their official capacities, White v. Relay Res., No. C19-0284-JCC, 2019 WL 5623207, at *4 (W.D. Wash. Oct. 31, 2019) ("[C]ivil RICO actions cannot be brought against federal agencies or federal employees sued in their official capacities."), Plaintiff's claims against Defendants Daniel Krenz and Kathryn Heard are DISMISSED with prejudice.

## Conclusion

In conclusion, the Court finds that Plaintiff has failed to allege essential elements of his RICO claims and therefore DISMISSES Plaintiff's claims as follows:

(1) Plaintiff's claims against Defendants Daniel Krenz and Kathryn Heard are DISMISSED with prejudice;

(2) Plaintiff's claims against all other Defendants are DISMISSED without prejudice. Although Plaintiff has failed to properly plead his RICO claims, it is not clear, upon de novo review, that the Complaint as to these Defendants could not be saved by amendment. Plaintiff may file an amended complaint within 20 days of the date of this Order.

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated July 10, 2020.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
United States Senior District Judge